## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                 Plaintiff,

-vs-

$5,253.00 United States Currency, 6 Money
Orders having a total value of $2,406.00 United
States Currency, 6 Bank Checks having a total
value of $3,335.00 United States Currency,
Assorted Generic Handbags and Wallets, and
Assorted Counterfeit Tags,

                                 Defendants.

DECISION & ORDER

11-CV-6335-CJS

---

D&K AMERICA, INC.,

                                 Claimant.

---

### APPEARANCES

For the United States:                  Mary C. Kane, A.U.S.A.
                                         United States Attorney's Office
                                       Federal Centre
                                       138 Delaware Avenue
                                       Buffalo, NY 14202
                                       (716) 843-5809

For the Claimant:                     John Peter Bostany, Esq.
                                           Bostany Law Firm
                                         40 Wall Street 61st Floor
                                       New York, NY 10005
                                     (212) 530-4400

## INTRODUCTION

**Siragusa, J.** This forfeiture case is before the Court on the motion of Claimant D&K America, Inc, ("D&K") for an order pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6) dismissing the United States' complaint for forfeiture. Notice of Motion, Sept. 6, 2011, ECF No. 10. Further, the government has filed a motion to strike D&K's claim for failure to comply with Supplemental Rule G(5) by not stating the claimant's interest in the property and a motion to stay this action for thirty days after the government shutdown. For the reasons stated below, the government's motion to strike, ECF No. 25, is denied, and Claimant D&K's motion to dismiss, ECF No. 10, is denied. The government's motion to stay this action until thirty days after the government shutdown of October 1, 2013, until October 16, 2013, ECF No. 29, is denied as moot.

## FACTUAL BACKGROUND

The following information is taken from the complaint, Jul. 6, 2011, ECF No. 1. This is an *in rem* action for the forfeiture of the defendant property pursuant to 18 U.S.C. § 2323(a)(1)(A), (B) and (c). The United States alleges subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction pursuant to 28 U.S.C. §§ 1355(b) and (d), and claims venue is proper in this District pursuant to 28 U.S.C. § 1395(a). The defendant property was seized on the basis that it constituted or derived from proceeds obtained as the result of trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320. The United States alleges that the counterfeit property bore counterfeit trademarks, thereby subjecting it to seizure. The defendant property was seized on September 29, 2010, by United States Immigration and Customs Enforcement ("ICE") agents and is

presently in the custody of the Port Director, United States Customs and Border Protection ("CBP"), Newark and New York.

The United States alleges that as part of its investigation into counterfeiting, it learned that Fan Zhang ("Zhang"), and her husband, Deno Delrengo ("Delrengo") purchased purses from a business known as J&J Spice, and also known as D&K America, Inc., with an address at 150 West 30th Street, New York, New York. Zhang, Delrengo, Zhang's mother, Ziu Ying Chen, Zhang's brother, Chi Zhang, and her father, Qing Fu Shang, all reside at 40 Stafford Way, Rochester, New York.

On November 24, 2010, CBP notified D&K of the seized merchandise. U.S. Customs and Border Protection letter to D&K, Nov. 24, 2010, attached to Windman Aff., ECF No. 7-1. The letter advised D&K it could petition for relief pursuant to 19 C.F.R. § 171.12(b) within thirty days of the date on the letter. On January 21, 2011, D&K filed a petition and asked the CBP to administratively consider the petition for relief. C.J. Erickson letter to Rachel Yong Yow, Jan. 21, 2011, attached to Windman Aff., ECF No. 7-2. CBP advised D&K's counsel, C.J. Erickson, Esq., that it was denying D&K's claim. Edward P. Nagle letter to C.J. Erickson, Mar. 10, 2011, ECF No. 14-3.

The United States filed its complaint seeking forfeiture on July 6, 2011, ECF No. 1. D&K argues that the complaint was filed beyond the 90-day statutory deadline and that since the defendant property was seized in the Southern District of New York, that, and not the Western District, is the proper venue.

## STANDARDS OF LAW

### *Filing a Claim*

Federal Rules of Civil Procedure, Supplemental Admiralty and Maritime Claims Rule G(5)(a), provides in pertinent part as follows: "(I) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property…."

### *Federal Rule of Civil Procedure 12(b)*

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotations omitted).  *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a

claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949–50.

***90-day Limitation***

The applicable forfeiture statue states in pertinent part as follows:

(2)(A) Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.…

(3)(A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

(B) If the Government does not—

   (I) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or

   (ii) before the time for filing a complaint has expired—

      (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

      (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

   the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.…

(D) No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.

***Title 18 U.S.C. § 983***

Title 18 U.S.C. § 983(a)(2)(C)(iii) provides that a claim shall "be made under oath, subject to penalty of perjury." Verification is an "essential element of any claim because of the substantial danger of false claims." *United States v. U.S. Currency in the Amount of $103,387.27*, 863 F.2d 555, 559 (7th Cir.1988). Verification ensures that a claimant places himself "at risk of perjury for false claims," and is not a technical requirement that a court will easily excuse. *United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597 (7th Cir. 2000).

## ANALYSIS

Claimant seeks dismissal of the action pursuant to Rule 12(b)(3) or 12(b)(6) on the grounds that the government did not timely file the forfeiture complaint against the property, and that the Western District of New York is an improper venue that lacks *in rem* jurisdiction. The government's motion to strike is based on the argument that D&K failed to file a proper claim by failing to identify its interest in the seized property.

***Motion to Strike***

The government refers to D&K's claim filed on August 9, 2011, ECF No. 5. In the section that asks the claimant to "[s]tate your interest in each item of property listed above," Augustin Hazim, Vice President of D&K, wrote, "Claimant is the owner of the above listed property." Claim, Aug. 19, 2011, ECF No. 5. The government's motion does not specify how D&K's claim does not properly identify its interest in the seized property.  Kane Aff. ¶ 7, Jun. 15, 2012, ECF No. 25.

Supplemental Rule G(5) is silent as to what information is necessary. In fact, the rule requires only that the claimant and the claimant's interest in the property be identified.

Moreover, the advisory committee notes make no mention of requiring additional evidence to support a claimant's interest in the property. Fed. R. Civ. P.  Supp'l Admiralty & Maritime Claims Rule G advisory committee's note, subdiv. 5. The Court acknowledges that in the Second Circuit blanket assertions of ownership are insufficient to establish a claim, and that when the Government, as here, has provided notice through publication, there is, of course, a risk of false claims. Therefore, a bald assertion of ownership, without more, could result in the Court entertaining a claim by an individual with no standing whatsoever. *U.S. v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 339 (D.N.J. 2010) (citing *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007)); *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112–23 (5th Cir. 1992). However, the Court notes that such a risk is not present in this case.

The government's complaint alleges that a confidential informant purchased twenty assorted purses from D&K at its business location. Compl. ¶ 16, Jul. 6, 2011, ECF No. 1. Further,

> The bag containing the purses also contained a smaller plastic bag with the following brand labels: twelve (12) metal Burberry tags, two (2) metal Jimmy Choo tags and six (6) Dolce & Gabanna tags. A receipt for the $331 purchase was provided to the CI from a D&K employee with the following information printed on it: "Receipt # 37417 D&K America, Inc. www.jnjspace.com 150 West 30 Street, NY, NY 10001 Tel. 212- th 268-7766 Fax 323-368-2982".

Compl. ¶ 16. Undercover officers made another purchase at the D&K store on August 17, 2010, Compl. ¶ 18, and August 31, 2010, Compl. ¶ 19. During execution of a search warrant on September 29, 2010, at D&K America, Inc., 150 West 30th Street, New York, New York, the government seized the property at issue here. Compl. ¶ 21. The government

also alleges that D&K may have an interest in the defendant property. Compl. ¶ 32.This allegation coupled with the silence of Rule G(5) in regard to what additional evidence, if any, is required, and the facts surrounding the investigation as alleged in the complaint, mitigate the likelihood that D&K's claim is false. Consequently, the Court finds that D&K's assertion of ownership, in combination with the facts alleged in the complaint, are sufficient to establish Article III and statutory standing to bring a claim against the forfeiture action. Therefore, the government's motion to strike the claim as not meeting the requirements of Supplemental Rule G(5) is denied.

***Timeliness***

The United States contends that it's complaint was timely filed within 58 days of D&K's Election of Proceedings Form. Kane Aff. ¶ 19, Oct. 5, 2011, ECF No. 14.[1] However, the statute does not depend on the date of filing for the Election of Proceedings form, only the date that a claim is filed. D&K filed its claim on May 9, 2011, Comp. ¶ 31, and the forfeiture complaint was filed on July 6, 2011, 58 days after D&K's claim. According to the statute, the United States was well within its 90-day limitations period, which ended on August 11, 2011.

D&K calculates the 90-day period from the date it filed a petition for remission, January 21, 2011. D&K Mem. of Law at 3, Sept. 2, 2011, ECF No. 8. The January petition did not start the 90-day period, since it was not a claim.

"A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief." *United States v. $86,496.00 in U.S. Currency*,

---

[1]Instead of filing a memorandum of law, as required by W.D.N.Y. L. R. Civ. P. 7(a)(2)(A), the United States elected to file an affidavit containing factual assertions and legal argument.

CV–07–1693–PHX–DGC, 2000 WL 2039355 (D. Ariz. May 12, 2008) (holding that a petition filed "with the DEA does not constitute a valid claim for purposes of Rule G(5).").

In *Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy*, 538 F. Supp. 2d 162 (D.D.C. 2008), a district court faced with an argument similar the claimant's here held that:

> [a] petition for remission or mitigation of forfeiture is an entirely different creature. It is created by regulation, not law. An application for a petition requires more information than a claim. It is decided by a Ruling Official, not a judge, and only one administrative level of review is available. The grant of remission or mitigation is discretionary.
>
> Since all petitions require more information than the three pieces of information formally required for a claim, Plaintiffs' argument that their Petitions were also Claims, if accepted, would require seizing agencies to treat all petitions as claims and to refer all petitions for judicial forfeiture. That clearly was not the intent of Congress when it established the claims process.

*Malladi Drugs & Pharmaceuticals, Ltd.*, 538 F. Supp. 2d at 169–70. Therefore, D&K's January petition for administrative relief did not start the ninety days to file a complaint for forfeiture provided by 18 U.S.C. § 983(a)(3)(A).

### Venue

Citing to 28 U.S.C. §§ 1395(a) and 1355, D&K argues that venue in the Western District is improper, since the property was seized in the Southern District. D&K submits that the United States,

> has alleged no facts indicating that D&K America has committed any acts or omissions specifically in the Western District that gave rise to the September 29, 2010 forfeiture of property from its Manhattan office. In its complaint, Plaintiff never explains how the Western District is the proper venue for this forfeiture proceeding.

D&K Mem. of Law at 4, Sept. 2, 2011, ECF No. 8. Section 1355 provides in pertinent part

as follows:

> (b)(1) A forfeiture action or proceeding may be brought in—
>
> (A) the district court for the district in which any of the acts or
> omissions giving rise to the forfeiture occurred, or
>
> (B) any other district where venue for the forfeiture action or
> proceeding is specifically provided for in section 1395 of this title or any other
> statute.

Title 28 U.S.C. § 1355. Section 1355 provides in pertinent part as follows:

> (a) A civil proceeding for the recovery of a pecuniary fine, penalty or
> forfeiture may be prosecuted in the district where it accrues or the defendant
> is found.
>
> (b) A civil proceeding for the forfeiture of property may be prosecuted in any
> district where such property is found.
>
> (c) A civil proceeding for the forfeiture of property seized outside any judicial
> district may be prosecuted in any district into which the property is brought.

28 U.S.C. § 1355(a), (b) & (c). The United States argues that jurisdiction and venue are

proper in the Western District of New York, "on the grounds that the acts giving rise to

forfeiture occurred within the district, even though the defendant property was seized in the

Southern District of New York." Kane Aff. ¶ 23. The allegations in the complaint support

jurisdiction and venue in the Western District of New York. *See United States v.*

*$633,021.67 in U.S. Currency*, 842 F. Supp. 528, 534 (N.D. Ga. 1993) ("Congress

amended Section 1355 in order to relieve the government of the need to prosecute multiple

forfeiture actions from the same case in different districts. Although interpreting Section

1355 as a jurisdiction-only statute would give the government some of the intended relief,

it would not solve the problem which the Act was designed to address, since the government would still have to file multiple forfeiture actions from the same case in different districts when venue did not lie in one district for all of the property."); *U.S. v. Contents of Account No. 2033301 In Name of Luis Freixas, Located at Citibank Intern., Miami, Fla.*, 831 F.Supp. 337, 340 (S.D.N.Y. 1993) ("Here, the Government alleges that the activity giving rise to forfeiture—the structuring of cash deposits into the two BPD accounts and the transfer to the Account—occurred in New York. Under 28 U.S.C. § 1355, as amended, the New York Court has both subject matter and in rem jurisdiction over the Miami Account. With respect to venue, it must be concluded that the action against the contents of the Account are properly brought in the Southern District.").

## CONCLUSION

For the reasons stated above, the government's motion to strike, ECF No. 25, is denied, and Claimant D&K America's motion to dismiss, ECF No. 10, is denied. The government's motion to stay this action until thirty days after the government shutdown of October 1, 2013, until October 16, 2013, ECF No. 29, is denied as moot.

IT IS SO ORDERED.

Dated:   January 13, 2014
         Rochester, New York

ENTER:

Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge